(89 App. Div. 586.)

## WELDON v. BROWN et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. TRIAL—MODE—SUIT IN EQUITY—ESTOPPEL.
　　Where the Appellate Division has previously held that an action was one in equity, and not at law, the fact that the defendants were estopped from insisting that the action be tried as a suit in equity did not estop the court from refusing to try the cause before a jury.

2. SAME — COMPLAINT — INSTRUCTION — JOINT ADVENTURE — ACCOUNTING — NATURE OF PROCEEDING.
　　Where a complaint alleged an agreement requiring plaintiff to assist defendant to carry out the business of a corporation which wound up its affairs, and provided that, in consideration of plaintiff's services, he was to receive one-third of the profits, but there was no allegation of plaintiff's employment, except as a partner in such joint adventure, an action to recover profits alleged to have been made was a suit in equity for an accounting, triable at Special Term.

　　Van Brunt, P. J., dissenting.

　　Appeal from Trial Term, New York County.

　　Action by Walter S. Weldon against James N. Brown and another. From an order striking the cause from the calendar of the Trial Term on the ground that the action was one in equity, plaintiff appeals. Affirmed.

　　Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

　　Wales F. Severance, for appellant.
　　Charles F. Mathewson, for respondents.

　　INGRAHAM, J. When this case was before this court on an appeal from an order referring the issues for trial (84 App. Div. 483, 82 N. Y. Supp. 1051), we held that the action was one in equity, alleging the joint interest of the plaintiff and the defendants in certain transactions, the profits of which were, by an agreement between the parties, to be divided, to which the plaintiff was to be entitled to one-third; that the action was thus to be tried as an action in equity at Special Term, where, upon the plaintiff's right to a share of such profits being established, the court would be justified in directing an accounting before a referee, but that a reference was improper until the right of the plaintiff to a portion of the profits was established upon the trial. After this decision the court at Trial Term struck the case from the Trial Term calendar upon the ground that the action was one to be tried at Special Term, and from that order the plaintiff appealed; claiming his right to try the case as an action at law, and that the defendants are estopped from insisting that the action was one to be tried at Special Term.

　　Assuming that the defendants are estopped from insisting that the action to be tried as one in equity, the court was not estopped from refusing to try before a jury an action in which, from the facts alleged, a court of equity only could grant the plaintiff any relief. The counsel for the appellant, notwithstanding the views before expressed, again insists that the action is one at law. The cause of action alleged was based upon an agreement made October 1, 1892,

between the plaintiff and the defendants, by which the plaintiff "agreed to do all things in his power in and about the matters and business which had before been conducted by the Anglo-American Mortgage & Trust Company, a corporation in which this plaintiff had been an employé, and the defendant Brown had been an officer, for the purpose of enabling the defendants to handle the same, carry out the said transactions, and make whatever profits they could in the premises, and the defendants agreed to do the said business, carry on the said transactions, and to pay this plaintiff, in consideration of the services to be performed by him as aforesaid, one-third of whatever profits should be made and received by them in and about the said transactions and business"; and it is alleged that the plaintiff proceeded with the execution of his part of the agreement up to on or about October 1, 1894, and in some of the said transactions and business the plaintiff received from the defendants his said one-third part of the profits made thereon, but that in nearly all of the said transactions and business the profits came directly into the hands of the defendants in the first instance, and were received by them, and the defendants are the only persons who kept a record of said profits, and who knew the nature, extent and details thereof, and of the said business; that the defendants made large profits in said business and transactions, and said profits so made and received by the defendants amounted to at least, during the times stated, the sum of $15,000, of which this plaintiff was entitled under the agreement aforesaid to one-third, viz., the sum of $5,000; and the plaintiff demands judgment against the defendants for the sum of $5,000, with interest.

There is here no allegation of an employment of the plaintiff by the defendants. It is not alleged that he ever became their employé, but that the parties entered into an agreement by which certain business transactions were to be carried on, and the profits realized therefrom divided; the plaintiff to receive one-third, and the defendants two-thirds. To enforce such an agreement, I supposed it was settled that an adjustment of the accounts of the business, either by legal proceedings or by an accounting between the parties, was necessary, before an action at law could be maintained to recover the balance due. There is a class of cases where the contract is one of employment, the compensation to be determined by a percentage of the profits of the business in which the employé is engaged; but this action is not within this class, because here there is no allegation of an employment of the plaintiff by the defendants. Upon the allegation of this complaint, he never became an employé entitled to compensation for his services. What he did was to agree to render service, not for the defendants, but "in and about the matters and business hereinbefore set forth, for the purpose of enabling the defendants to handle the same, carry out the said transactions, and make whatever profits they could in the premises." Here his agreement related to the business that was to be carried on, not to service to be rendered for the defendants; and the defendants agreed to do the business, carry out the transactions, and to pay the plaintiff, in consideration of the services to be performed by him, one-

third of whatever profits should be made and received by him in and about the said transactions and business. As I view these allegations, there was no more an allegation of employment than there is in every copartnership or joint adventure by which the parties agreed to devote their time and attention to a specific business, and to divide the profits.

In all the cases cited by the plaintiff there was a distinct allegation of employment, by which the plaintiff was employed to perform services, and for which he was to receive compensation; but, whatever the draftsman of this complaint intended, he has not succeeded in alleging that this plaintiff was ever employed by the defendants to do anything, or that the relation of employer and employé ever existed between them. Whether this arrangement is characterized in the complaint as a copartnership or not, the substantial relation was that of a joint adventure in relation to particular transactions, the profits of which were to be divided. To enforce such an agreement, an accounting is necessary before an action at law can be maintained, and we so expressly held upon the former appeal. 84 App. Div. 483, 82 N. Y. Supp. 1051.

It follows that the justice below was justified in refusing to try this action as an action at law, and the order appealed from must be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). Under the provisions of the Code, the plaintiff was clearly entitled to attempt to try this case as an action at law. If he could not establish any claim without equitable relief, his complaint should be dismissed. Glen v. Lancaster, 109 N. Y. 642, 16 N. E. 484.